**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ALYSSA ALCANTARA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: 22EV003350 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA MITCHELL TURNER | ) | |
| and FACILITY SOLUTIONS GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT "A"
# TO NOTICE OF REMOVAL

State Court of Fulton County
**E-FILED**
22EV003350
6/14/2022 11:00 AM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                                    DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

**1011 BURRISRIDGE DR, LAKELAND, FL 33809-0802 (POLK COUNTY)**

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____    Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

  Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV003350
6/14/2022 11:00 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALYSSA ALCANTARA,                      )
                                       )
     Plaintiff,                    )
                                       )    CIVIL ACTION FILE NO.:
v.                                     )
                                       )
JOSHUA MITCHELL TURNER                 )
and FACILITY SOLUTIONS GROUP, INC.,    )
                                       )
     Defendants.                   )
                                       )
                                       )
_____)

### COMPLAINT FOR DAMAGES

Plaintiff Alyssa Alcantara files this Complaint for Damages against Defendants Joshua

Turner Turner and Facility Solutions Group, Inc., respectfully showing the Court as follows.

### Parties, Jurisdiction, and Venue

**1.**

Plaintiff Alyssa Alcantara seeks recovery for the personal injuries and other damages that

Plaintiff suffered when Joshua Mitchell Turner drove a commercial vehicle into Plaintiff's vehicle.

**2.**

Plaintiff resides in DeKalb County, Georgia.  Plaintiff submits to the jurisdiction of this

Court.

**3.**

Joshua Mitchell Turner (hereinafter "Turner") resides and may be served with process at

Turner's residence located at 5751 Tyree Road, Winston, GA 30187 in Douglas County.  Turner

is subject to the jurisdiction of this Court.

4.

Facility Solutions Group, Inc. (hereinafter "FSG") is a foreign profit corporation that is registered to do business in Georgia.  It may be served with process through its registered agent, Registered Agent Solutions, Inc., located at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060 in Fulton County.  FSG is subject to the jurisdiction of this Court.

5.

Venue is proper in Fulton County as to all Defendants pursuant to:

(a)     Ga. Const. Art. VI, § 2, ¶ IV; and

(b)     O.C.G.A. § 9-10-31(b).

6.

This Court has subject matter jurisdiction over this action pursuant to O.C.G.A. § 15-7-4(a)(2).

7.

No United States District Court has subject matter jurisdiction over this matter.  Complete diversity of citizenship is absent because Plaintiff and one or more Defendants are citizens and residents of Georgia, and there is no federal-question jurisdiction because all the claims asserted in this complaint arise under state law.

**Background**

8.

On July 29, 2020, Plaintiff was exiting a Starbucks drive-through located at 5660 Roswell Road, Sandy Springs, GA 30342 in Fulton County, Georgia.

9.

At the same time, Turner was driving a commercial vehicle and driving the wrong way through the Starbucks drive-through.

10.

The commercial vehicle that Turner was driving was registered to and insured by FSG.

11.

Turner was driving the commercial vehicle with the express permission of, and in the course and scope of Turner's employment with, FSG.

12.

Upon information and belief, Turner was distracted when Turner caused the accident because Turner was talking to the driver of another vehicle and/or using a mobile device.

13.

Turner struck Plaintiff's vehicle when Turner attempted to exit out the wrong drive-through lane.

14.

Plaintiff's grandmother, Eytam Drumo, was in the front passenger seat and witnessed the accident-in-suit.

15.

After the wreck, Plaintiff suffered injury, including neck and back pain, and went to the hospital a few hours after the accident-in-suit.

16.

Police were called to the scene but did not issue a police report because the accident happened in a parking lot.

17.

Plaintiff exercised care for Plaintiff's safety at all relevant times, including the time of the wreck.

18.

Plaintiff did not act or fail to act in any way that proximately caused the wreck or any of Plaintiff's injuries or damages.

19.

Plaintiff's vehicle has not been repaired and remains in disrepair to date.

20.

The injuries proximately caused by Defendants' acts and omissions have resulted in substantial damages to Plaintiff, both economic and non-economic, including but not limited to property damage / cost of repair, medical bills of more than $25,000.00 but less than $30,000.00; costs and expenses; physical pain and suffering; mental and psychological pain and suffering; and loss of full enjoyment of life.

**COUNT ONE**
**Negligence and Recklessness of Turner**

21.

Plaintiff incorporates by reference the facts set forth in Paragraphs 1-19.

22.

At all relevant times, including the time of the wreck, Turner owed the public generally, and Plaintiff specifically, duties of care while operating a motor vehicle on the public roadways of Georgia.

23.

At all relevant times, including the time of the wreck, it was reasonably foreseeable to Turner that if she breached these duties it could result in an accident and grievous physical injury to others.

24.

Nevertheless, Turner breached the duties owed to Plaintiff in the following ways, resulting in the wreck:

(a)     Failure to yield in violation of O.C.G.A. § 40-6-71, which constitutes negligence *per se*;

(b)     Failing to exercise due care in violation of O.C.G.A § 40-6-241, which constitutes negligence per se;

(c)     Driving while distracted in violation of O.C.G.A. §§ 40-6-241 and -241.2, which constitutes negligence per se;

(d)     Driving recklessly in violation of O.C.G.A § 40-6-390, which constitutes negligence per se;

(e)     Failing to make reasonable and proper observations while driving, or if reasonable and proper observations were made, failing to act upon them; and

(f)     Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

25.

These acts and omissions constitute negligence and/or recklessness on the part of Turner.

26.

Plaintiff suffered personal injuries as a result of Turner's negligence and/or recklessness.

27.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Turner's negligence and/or recklessness.

## COUNT TWO
## <u>Vicarious Liability of FSG</u>

28.

Plaintiff incorporates by reference the facts set forth in Paragraphs 1-27.

29.

At all relevant times, including the time of the wreck, Turner was operating the commercial vehicle within the course and scope of employment with or agency of Turner's employer, FSG.

30.

FSG is liable for all damages caused by the negligent and reckless acts and omissions of Turner pursuant to the doctrine of *respondeat superior* and the rules of agency.

## COUNT THREE
## <u>Independent Negligence and Recklessness of FSG</u>

31.

Plaintiff incorporates by reference the facts set forth in Paragraphs 1-30.

32.

As Turner's employer and registrant of the commercial vehicle that Turner was driving at the time of the wreck, FSG had the right to permit and the power to prohibit Turner's use of the vehicle.

33.

Moreover, FSG owed certain duties and industry standards, including the duty to properly qualify and train Turner, the duty to supervise Turner's hours of service, the duty to properly inspect

and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial vehicles, including the commercial vehicle that Turner was driving at the time of the wreck.

34.

Before the wreck, FSG knew or had reason to know that Turner was likely to drive in a negligent and reckless manner because of Turner's age, inexperience, physical condition, mental condition, and/or known habit of recklessness.

35.

Nevertheless, FSG entrusted Turner with a commercial vehicle and gave Turner permission to drive it.

36.

In doing so, FSG was negligent and/or reckless in the following ways:

(a)     Negligently and/or recklessly hiring or contracting with Turner to drive the commercial vehicle at issue;

(b)     Negligently and/or recklessly training Turner;

(c)     Negligently and/or recklessly entrusting Turner with the commercial vehicle;

(d)     Negligently and/or recklessly retaining Turner;

(e)     Negligently and/or recklessly qualifying Turner;

(f)     Negligently and/or recklessly failing to supervise Turner; and

(g)     Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

37.

Plaintiff suffered personal injuries as a result of FSG's negligence and/or recklessness.

38.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by FSG's negligence and/or recklessness.

## COUNT FOUR
## Punitive Damages

39.

Plaintiff incorporates by reference the facts set forth in Paragraphs 1-38.

40.

Turner's actions, including but not limited to use of a mobile phone or other electronic device while driving a commercial vehicle vehicle on a busy roadway and other instances where Turner ignored safety and industry standards, demonstrate either (a) an entire want of care that rises to the presumption of conscious indifference to consequences, or (b) a specific intent to harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

41.

FSG's actions, including but not limited to its failure to perform a proper background checks and inspections before entrusting Turner with a commercial vehicle, its failure to drug test, and its overall failure to follow safety standards—which are designed to keep the motoring public safe—also demonstrate either (a) an entire want of care that rises to the presumption of conscious indifference to consequences, or (b) a specific intent to harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

## COUNT FIVE
## Litigation Expenses and Attorney's Fees

42.

Plaintiff incorporates by reference the facts set forth in Paragraphs 1-41.

43.

Defendants acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

**<u>Plaintiff's Damages</u>**

44.

Plaintiff seeks monetary damages from each Defendant for:

(a)    All past, present, and future economic damages that result from, proximately flow from, or were substantially caused by the wreck, including but not limited to property damage / cost of repair, medical bills of more than $25,000.00 but less than $30,000.00 that will be shown more fully by the evidence at trial;

(b)    All past, present, and future non-economic damages that result from, proximately flow from, or were substantially caused by the wreck, including but not limited to mental and physical pain and suffering, loss of enjoyment of life, and loss of capacity to work, in an amount to be determined by the enlightened conscience of an impartial jury;

(c)    Punitive damages without limitation or cap in an amount to be determined by the enlightened conscience of an impartial jury; and

(d)    Litigation expenses, including reasonable attorney's fees.

**WHEREFORE, Plaintiff respectfully prays for the following relief:**

(a)    Service of the summons and this complaint;

(b)    A trial by jury on every appropriate issue;

(c)     Judgment for Plaintiff and against each Defendant for past, present, and future economic damages;

(d)     Judgment for Plaintiff and against each Defendant for past, present, and future non-economic damages;

(e)     Judgment for Plaintiff and against each Defendant for punitive damages without limitation or cap;

(f)     Judgment for Plaintiff and against each Defendant for Plaintiff's litigation expenses, including reasonable attorney's fees; and

(g)     That all costs of this action be cast against Defendants; and

(h)     Any additional relief that the Court deems appropriate.


This 14th day of June, 2022.

**HORMOZDI LAW FIRM, LLC**

*/s/ Shireen Hormozdi Bowman*
SHIREEN HORMOZDI BOWMAN
1770 Indian Trail Lilburn Road          Georgia Bar No. 366987
Suite 175
Norcross, GA 30093
678-395-7795
shireen@norcrosslawfirm.com          **Attorney for Plaintiff**

State Court of Fulton County
**E-FILED**
22EV003350
7/15/2022 12:12 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALYSSA ALCANTARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No.: 22EV003350 |
| v. | ) |
| | ) |
| JOSHUA MITCHELL TURNER | ) |
| and FACILITY SOLUTIONS GROUP, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT JOSHUA MITCHELL TURNER'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Joshua Mitchell Turner ("Mr. Turner"), Defendant in the above-styled action, and hereby files his Answer to Plaintiff's Complaint for Damages.

### FIRST DEFENSE

For a First Defense, Joshua Mitchell Turner, responds to the numbered paragraphs of the Complaint for Damages as follows:

### PARTIES, JURISDICTION, AND VENUE

#### 1.

Mr. Turner denies the allegations contained in Paragraph 1 of the Complaint.

#### 2.

Mr. Turner is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint.

#### 3.

Mr. Turner denies the allegations contained in Paragraph 3 of the Complaint.

-1-

4.

Mr. Turner is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.

Mr. Turner denies the allegations contained in Paragraph 5 of the Complaint.

6.

Mr. Turner denies the allegations contained in Paragraph 6 of the Complaint.

7.

Mr. Turner denies the allegations contained in Paragraph 7 of the Complaint.

**Background**

8.

Mr. Turner is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.

Mr. Turner denies the allegations contained in Paragraph 9 of the Complaint.

10.

Mr. Turner admits that he was driving a vehicle owned by Facility Solutions Group, Inc. ("FSG").  Mr. Turner denies the remainder of the allegations contained in Paragraph 10 of the Compliant.

11.

Mr. Turner admits that he was driving the vehicle with the express permission of FSG and within the course and scope of his employment with FSG.  Mr. Turner denies the remainder of the allegations contained in Paragraph 11 of the Compliant.

-2-

12.

Mr. Turner denies the allegations contained in Paragraph 12 of the Compliant.

13.

Mr. Turner denies the allegations contained in Paragraph 13 of the Compliant.

14.

Mr. Turner is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15.

Mr. Turner denies the allegations contained in Paragraph 15 of the Complaint.

16.

Mr. Turner admits that the police were called to the scene of the accident but did not issue a police report.  Mr. Turner denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

17.

Mr. Turner denies the allegations contained in Paragraph 17 of the Complaint.

18.

Mr. Turner denies the allegations contained in Paragraph 18 of the Complaint.

19.

Mr. Turner is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20.

Mr. Turner denies the allegations contained in Paragraph 20 of the Complaint.

**COUNT ONE**
**Negligence and Recklessness of Turner**

21.

Mr. Turner reincorporates its responses to the allegations contained in Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.

Mr. Turner admits that he owed the applicable duties required by Georgia law.  Mr. Turner denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

23.

Mr. Turner denies the allegations contained in Paragraph 23 of the Complaint.

24.

Mr. Turner denies the allegations contained in Paragraph 24 of the Complaint.

25.

Mr. Turner denies the allegations contained in Paragraph 25 of the Complaint.

26.

Mr. Turner denies the allegations contained in Paragraph 26 of the Complaint.

27.

Mr. Turner denies the allegations contained in Paragraph 27 of the Complaint.

**COUNT TWO**
**Victim Liability of FSG**

28.

Mr. Turner reincorporates its responses to the allegations contained in Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.

Mr. Turner admits that he was operating the vehicle within the course and scope of his employment.  Mr. Turner denies the remainder of the allegations contained in Paragraph 29 of the Complaint.

30.

Mr. Turner denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT THREE

### Independent Negligence and Recklessness of FSG

31.

Mr. Turner reincorporates its responses to the allegations contained in Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.

Mr. Turner admits that he was operating a vehicle owned by FSG.  Mr. Turner denies the remainder of the allegations contained in Paragraph 32 of the Complaint.

33.

Mr. Turner admits that FSG owed the applicable duties under Georgia law.  Mr. Turner denies the remainder of the allegations contained in Paragraph 33 of the Complaint.

34.

Mr. Turner denies the allegations in Paragraph 34 of the Complaint.

35.

Mr. Turner admits that he had permission to operate the vehicle.  Mr. Turner denies the remainder of the allegations contained in Paragraph 35 of the Complaint.

36.

Mr. Turner denies the allegations contained in Paragraph 36 of the Complaint.

37.

Mr. Turner denies the allegations contained in Paragraph 37 of the Complaint.

38.

Mr. Turner denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT FOUR
### Punitive Damages

39.

Mr. Turner reincorporates its responses to the allegations contained in Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.

Mr. Turner denies the allegations contained in Paragraph 40 of the Complaint.

41.

Mr. Turner denies the allegations contained in Paragraph 41 of the Complaint.

## COUNT FIVE
### Litigation Expenses and Attorney's Fees

42.

Mr. Turner reincorporates its responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.

Mr. Turner denies the allegations contained in Paragraph 43 of the Complaint.

### Plaintiff's Damages

44.

Mr. Turner denies the allegations contained in Paragraph 44 of the Complaint.

## SECOND DEFENSE

For a Second Defense, Mr. Turner asserts that he has breached no duty owed to Plaintiff.

## THIRD DEFENSE

For a Third Defense, Mr. Turner asserts that Plaintiffs' Complaint may be barred by the Plaintiffs' own contributory and/or comparative negligence.

## FOURTH DEFENSE

For a Fourth Defense, Mr. Turner asserts that no act or omission on its part proximately caused the accident at issue in this litigation or any damages alleged by the Plaintiff.

## FIFTH DEFENSE

For a Fifth Defense, Mr. Turner asserts that Plaintiff's Complaint fails to properly assert, in law or fact, that FSG was a motor carrier under Georgia law or that it was engaged in interstate commerce as a valid basis for its claims of negligence against FSG and/or Mr. Turner.

## SIXTH DEFENSE

For a Sixth Defense, Mr. Turner asserts that accident described in the Complaint was the sole and proximate result of the negligence of the Plaintiff in causing the accident.

## SEVENTH DEFENSE

For a Seventh Defense, Mr. Turner asserts that no action or inaction on its part evidences any of the criteria which would allow for punitive damages as set out in O.C.G.A. § 51-12-5.1. Plaintiff is not entitled to an award of punitive damages or even discovery with regards to the issue of punitive damages.

## EIGHTH DEFENSE

For an Eighth Defense, Mr. Turner asserts that that Plaintiffs' claims for punitive damages and the extent of damages being sought as exemplary by the Plaintiff is violative of the due process

clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, the excess fines clause of the Eighth Amendment of the Constitution of the United States, and Article I, Section I, Paragraph I; Article I, Section I, Paragraph II; Article I, Section I, Paragraph III and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia.  Additionally, any such award would be in violation of the Equal Protection Clauses of the United States Constitution and Article I, Section I, Paragraph II of the Georgia Constitution on the grounds that it unreasonably creates classifications of defendants and denies uniformity of treatment to all the defendants similarly situated.

## NINTTH DEFENSE

For a Ninth Defense, Mr. Turner asserts that venue may be improper.

## TENTH DEFENSE

For a Tenth Defense, Mr. Turner asserts that this Court may lack personal jurisdiction over Mr. Turner.

## ELEVENTH DEFENSE

For an Eleventh Defense, Mr. Turner asserts that, in the alternative, that if a jury finds that Plaintiff was in part negligent in bringing about the accident described in the Complaint, any award of damages should be reduced by the percentage of fault assigned to Plaintiff. Further, if a jury finds that Plaintiff's negligence was equal to or greater than the combined negligence of the defendants, then Plaintiff should be barred from recovery.

## TWELFTH DEFENSE

For a Twelfth Defense, Mr. Turner asserts that Plaintiffs' Complaint may be barred by the Plaintiffs' own contributory and/or comparative negligence.

## THIRTEENTH DEFENSE

For a Thirteenth Defense, Mr. Turner asserts that Plaintiff, by the exercise of ordinary care, could have avoided the injuries described in the Complaint.

## FOURTEENTH DEFENSE

For a Fourteenth Defense, Mr. Turner asserts that negligence of the Plaintiff in bringing about the incident described in the Complaint was equal to or greater than any negligence on the part of Mr. Turner so that the Plaintiff is not entitled to recovery.

## FIFTEENTH  DEFENSE

For a Fifteenth Defense, Mr. Turner asserts that if a jury finds that the Plaintiff was negligent but her negligence was less than the negligence of Mr. Turner, which is denied, than any recovery of the Plaintiff should be reduced to the extent of his negligence.

WHEREFORE, having fully answered, Mr. Turner requests that this case go forward and that he receives a judgment in his favor, with all costs cast against Plaintiff, and such other and further relief as the Court deems just and proper under the circumstances.

This 15th day of July, 2022.

Respectfully submitted,
/s/ J. Skye Wellesley
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
Attorneys for Defendant Turner

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404 870-1048 fax
e-mail: mrust@grsmb.com
        swellesley@grsmb.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT JOSHUA MITCHELL TURNER'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all counsel of record via United States Mail appropriate postage affixed thereto:

Shireen Hormozdi Bowman
SHIREEN HORMOZDI BOWMAN
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093

This 15th day of July, 2022.

Respectfully submitted,

<u>/s/ J. Skye Wellesley</u>
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
Attorneys for Defendant Turner

State Court of Fulton County
**E-FILED**
22EV003350
7/15/2022 12:05 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALYSSA ALCANTARA,                    )
                                     )
     Plaintiff,                     )
                                     )       Civil Action File No.: 22EV003350
v.                                   )
                                     )
JOSHUA MITCHELL TURNER               )
and FACILITY SOLUTIONS GROUP, INC.,  )
                                     )
     Defendants.                    )
_____      )

## DEFENDANT FACILITY SOLUTIONS GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Facility Solutions Group, Inc. ("FSG") Defendant in the above-styled action, and hereby files its Answer to Plaintiff's Complaint for Damages.

### FIRST DEFENSE

For a First Defense, Facility Solutions Group, Inc., responds to the numbered paragraphs of the Complaint for Damages as follows:

### PARTIES, JURISDICTION, AND VENUE

#### 1.

FSG denies the allegations contained in Paragraph 1 of the Complaint.

#### 2.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint.

#### 3.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint.

-1-

4.

FSG admits that it is a foreign corporation that is registered to do business in the State of Georgia and that it may be served through its registered agent. FSG denies the remainder of the allegations contained in Paragraph 4 of the Complaint.

5.

FSG denies the allegations contained in Paragraph 5 of the Complaint.

6.

FSG denies the allegations contained in Paragraph 6 of the Complaint.

7.

FSG denies the allegations contained in Paragraph 7 of the Complaint as it relates to FSG. FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint as it relates to any other defendant.

**<u>Background</u>**

8.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.

FSG denies that Mr. Turner was driving a commercial vehicle. FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 9 of the Complaint.

10.

FSG denies that Mr. Turner was driving a commercial vehicle. FSG admits that it owned the vehicle involved in the alleged accident. FSG is without sufficient knowledge or information

to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 10 of the Complaint.

11.

FSG denies that Mr. Turner was driving a commercial vehicle. FSG admits that Mr. Turner was driving FSG's vehicle with its express permission and within the course and scope of Mr. Turner's employment with FSG. FSG denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

12.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19.

FSG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20.

FSG denies the allegations contained in Paragraph 20 of the Complaint.

**COUNT ONE**
**Negligence and Recklessness of Turner**

21.

FSG reincorporates its responses to the allegations contained in Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.

FSG admits that Mr. Turner would have owed the duties required by Georgia law.  FSG denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

23.

FSG admits that Mr. Turner would have owed the duties required by Georgia law.  FSG denies the remainder of the allegations contained in Paragraph 23 of the Complaint.

24.

FSG admits that Mr. Turner would have owed the duties required by Georgia law.  FSG denies the remainder of the allegations contained in Paragraph 24 of the Complaint.

25.

FSG denies the allegations contained in Paragraph 25 of the Complaint.

26.

FSG denies the allegations contained in Paragraph 26 of the Complaint.

27.

FSG denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT TWO
### Vicarious Liability of FSG

28.

FSG reincorporates its responses to the allegations contained in Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.

FSG denies that Mr. Turner was driving a commercial vehicle. FSG admits that Mr. Turner was operating its vehicle within the course and scope of his employment with FSG.   FSG denies the remainder of the allegations contained in Paragraph 29 of the Complaint.

30.

FSG denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT THREE
### Independent Negligence and Recklessness of FSG

31.

FSG reincorporates its responses to the allegations contained in Paragraphs 1 through 30

of the Complaint as if fully set forth herein.

32.

FSG admits that it was Mr. Turner's employer and owned the vehicle Mr. Turner was operating at the time of the accident.  FSG denies the remainder of the allegations contained in Paragraph 32 of the Complaint.

33.

FSG admits that it owed the duties required under Georgia law.  FSG denies the remainder of the allegations contained in Paragraph 33 of the Complaint.

34.

FSG denies the remainder of the allegations contained in Paragraph 34 of the Complaint.

35.

FSG admits that it owned the vehicle that Mr. Turner was operating at the time of the accident and that Mr. Turner had permission to operate the vehicle.  Mr. Turner denies the allegations contained in Paragraph 35 of the Complaint.

36.

FSG denies the allegations contained in Paragraph 36 of the Complaint.

37.

FSG denies the allegations contained in Paragraph 37 of the Complaint.

38.

FSG denies the allegations contained in Paragraph 38 of the Complaint.

**COUNT FOUR**
**Punitive Damages**

39.

FSG reincorporates its responses to the allegations contained in Paragraphs 1 through 38

of the Complaint as if fully set forth herein.

40.

FSG denies the allegations contained in Paragraph 40 of the Complaint.

41.

FSG denies the allegations contained in Paragraph 41 of the Complaint.

## COUNT FIVE
### Litigation Expenses and Attorney's Fees

42.

FSG reincorporates its responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.

FSG denies the allegations contained in Paragraph 43 of the Complaint.

### Plaintiff's Damages

44.

FSG denies the allegations contained in Paragraph 44 of the Complaint.

### SECOND DEFENSE

For a Second Defense, FSG asserts that it has breached no duty owed to Plaintiff.

### THIRD DEFENSE

For a Third Defense, FSG asserts that Plaintiffs' Complaint may be barred by the Plaintiffs' own contributory and/or comparative negligence.

### FOURTH DEFENSE

For a Fourth Defense, FSG asserts that no act or omission on its part proximately caused the accident at issue in this litigation or any damages alleged by the Plaintiff.

## FIFTH DEFENSE

For a Fifth Defense, FSG asserts that Plaintiff's Complaint fails to properly assert, in law or fact, that FSG was a motor carrier under Georgia law or that it was engaged in interstate commerce as a valid basis for its claims of negligence against FSG and/or Mr. Turner.

## SIXTH DEFENSE

For a Sixth Defense, FSG asserts that it was not negligent in the hiring, training, supervision, entrustment, qualifying or retention of Mr. Turner and Plaintiff has failed to state a claim upon which relief may be granted for these alleged causes of action.

## SEVENTH DEFENSE

For a Seventh Defense, FSG asserts that no action or inaction on its part evidences any of the criteria which would allow for punitive damages as set out in O.C.G.A. § 51-12-5.1. Plaintiff is not entitled to an award of punitive damages or even discovery with regards to the issue of punitive damages.

## EIGHTH DEFENSE

For an Eighth Defense, FSG asserts that that Plaintiffs' claims for punitive damages and the extent of damages being sought as exemplary by the Plaintiff is violative of the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, the excess fines clause of the Eighth Amendment of the Constitution of the United States, and Article I, Section I, Paragraph I; Article I, Section I, Paragraph II; Article I, Section I, Paragraph III and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia. Additionally, any such award would be in violation of the Equal Protection Clauses of the United States Constitution and Article I, Section I, Paragraph II of the Georgia Constitution on the grounds that it

unreasonably creates classifications of defendants and denies uniformity of treatment to all the defendants similarly situated.

## NINTTH DEFENSE

For a Ninth Defense, FSG asserts that venue may be improper.

## TENTH DEFENSE

For a Tenth Defense, FSG asserts that this Court may lack personal jurisdiction over FSG.

## ELEVENTH DEFENSE

For an Eleventh Defense, FSG asserts that, in the alternative, that if a jury finds that Plaintiff was in part negligent in bringing about the accident described in the Complaint, any award of damages should be reduced by the percentage of fault assigned to Plaintiff. Further, if a jury finds that Plaintiff's negligence was equal to or greater than the combined negligence of the defendants, then Plaintiff should be barred from recovery.

## TWELFTH DEFENSE

For a Twelfth Defense, FSG asserts that Plaintiffs' Complaint may be barred by the Plaintiffs' own contributory and/or comparative negligence.

## THIRTEENTH DEFENSE

For a Thirteenth Defense, FSG asserts that Plaintiff, by the exercise of ordinary care, could have avoided the injuries described in the Complaint.

## FOURTEENTH DEFENSE

For a Fourteenth Defense, FSG asserts that negligence of the Plaintiff in bringing about the incident described in the Complaint was equal to or greater than any negligence on the part of FSG so that the Plaintiff is not entitled to recovery.

## <u>FIFTEENTH  DEFENSE</u>

For a Fifteenth Defense, FSG asserts that if a jury finds that the Plaintiff was negligent but her negligence was less than the negligence of FSG, which is denied, than any recovery of the Plaintiff should be reduced to the extent of his negligence.

WHEREFORE, having fully answered, Facility Solutions Group, Inc., requests that this case go forward and that it receives a judgment in its favor, with all costs cast against Plaintiff, and such other and further relief as the Court deems just and proper under the circumstances.

This 15th day of July, 2022.

Respectfully submitted,

/s/ J. Skye Wellesley
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
Attorneys for Facility Solutions Group, Inc.

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404 870-1048 fax
e-mail: mrust@grsmb.com
swellesley@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT FACILITY SOLUTIONS GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all counsel of record via United States Mail appropriate postage affixed thereto:

Shireen Hormozdi Bowman
SHIREEN HORMOZDI BOWMAN
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093

This 15th day of July, 2022.

Respectfully submitted,

/s/ J. Skye Wellesley
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
Attorneys for Facility Solutions Group, Inc.

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

ALYSSA ALCANTARA,                     )
                                      )
      Plaintiff,               )
                                      )     Civil Action File No.: 22EV003350
v.                                    )
                                      )
JOSHUA MITCHELL TURNER                )
and FACILITY SOLUTIONS GROUP, INC.,   )
                                      )
      Defendants.              )

# EXHIBIT "B"
# TO NOTICE OF REMOVAL

# RETURN OF SERVICE

| **State Court** | **Fulton County** | **State of Georgia** |
|---|---|---|

**Alyssa Alcantara**

    Plaintiff

vs.

**Joshua Mitchell Turner**

    Defendant

**Attorney:**

Shireen Hormozdi Bowman
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, # 175
Norcross, Georgia 30093

**Case Number:** 22-EV-3350

**Court / Appearance Date:**
**Court Time:**

Legal documents received by Investigative Analysis, LLC on June 15, 2022 at 11:09 am to be served upon **Joshua Mitchell Turner, 1011 Burrisridge Dr., Lakeland, Florida 33809.**

I, Thomas Santarlas, swear and affirm that on **June 15, 2022 at 8:18 pm**, I did the following:

**Individually Served Joshua Mitchell Turner** the person listed as the intended recipient of the legal document with a conformed copy of this **Summons and Complaint, Plaintiff's First RFA to Turner, Plaintiff's First ROGS to Turner, Plaintiff's First RRD to Turner**. The service date, time, my initials and identification number were listed on the document served.

*Thomas E. Santarlas*
_____
**Thomas Santarlas**
Process Server # 96-670388 & CA-961

**Investigative Analysis, LLC**
**P.O. Box 818**
**Bartow, Florida 33830**

**(863) 533-6003**

Internal Job ID: PS-2022-000420

Reference Number:

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

ALYSSA ALCANTARA,                    )
                                     )
      Plaintiff,              )
                                     )   Civil Action File No.: 22EV003350
v.                                   )
                                     )
JOSHUA MITCHELL TURNER               )
and FACILITY SOLUTIONS GROUP, INC.,  )
                                     )
      Defendants.             )

# EXHIBIT "C"
# TO NOTICE OF REMOVAL

Control Number : 16118999

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF AUTHORITY

I, Brian P. Kemp, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Facility Solutions Group, inc.**

a **Foreign Profit Corporation**

has been duly formed under the laws of **Delaware** and has filed an application meeting the requirements of Georgia law to transact business as a **Foreign Profit Corporation** in this state.

WHEREFORE, by the authority vested in me as Secretary of State, the above **Foreign Profit Corporation** is hereby granted, on **12/29/2016**, a certificate of authority to transact business in the State of Georgia as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal in the City of Atlanta
and the State of Georgia on 12/30/2016



Brian P. Kemp
Secretary of State

**APPLICATION FOR CERTIFICATE OF AUTHORITY**

*Electronically Filed*
Secretary of State
Filing Date: 12/29/2016 2:18:40 PM

| BUSINESS INFORMATION | |
| --- | --- |
| **CONTROL NUMBER** | 16118999 |
| **BUSINESS NAME** | Facility Solutions Group, inc. |
| **BUSINESS TYPE** | Foreign Profit Corporation |
| **EFFECTIVE DATE** | 12/29/2016 |
| **HOME JURISDICTION** | Delaware |
| **NAME IN HOME STATE** | N/A |
| **DATE OF FORMATION IN HOME JURISDICTION** | 12/23/1999 |
| **COMMENCEMENT DATE IN GEORGIA** | 01/02/2017 |

| PRINCIPAL OFFICE ADDRESS | |
| --- | --- |
| **ADDRESS** | 4401 Westgate Blvd., Suite 310, Austin, TX, 78745, USA |

| REGISTERED AGENT'S NAME AND ADDRESS | |
| --- | --- |
| **NAME** | **ADDRESS** |
| CT CORPORATION SYSTEM | 1201 PEACHTREE ST NE, Fulton, ATLANTA, GA, 30361 |

| OFFICER(S) | | |
| --- | --- | --- |
| **NAME** | **TITLE** | **ADDRESS** |
| Erica Smith | SECRETARY | 4401 Westgate Blvd., Suite 310, Austin, TX, 78745, USA |
| Robert Graham | CFO | 4401 Westgate Blvd., Suite 310, Austin, TX, 78745, USA |
| William Graham | CEO | 4401 Westgate Blvd., Suite 310, Austin, TX, 78745, USA |

| AUTHORIZER INFORMATION | |
| --- | --- |
| **AUTHORIZER SIGNATURE** | Cristin Charzewski |
| **AUTHORIZER TITLE** | Authorized Person |



# Delaware

## The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "FACILITY SOLUTIONS GROUP, INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SIXTH DAY OF SEPTEMBER, A.D. 2016.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "FACILITY SOLUTIONS GROUP, INC." WAS INCORPORATED ON THE TWENTY-THIRD DAY OF DECEMBER, A.D. 1999.

Jeffrey W. Bullock, Secretary of State

3145652  8300

SR# 20165514406

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 202915665

Date: 09-06-16

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

ALYSSA ALCANTARA,         )
                               )
       Plaintiff,        )
                               )    Civil Action File No.: 22EV003350
v.                         )
                               )
JOSHUA MITCHELL TURNER     )
and FACILITY SOLUTIONS GROUP, INC.,  )
                               )
       Defendants.     )

# EXHIBIT "C"
# TO NOTICE OF REMOVAL



## The HORMOZDI LAW FIRM

June 4, 2021

Sent Via Facsimile 855-914-5033
TRAVELERS INSURANCE
Attn: Jennifer Downey
PO Box 430
Buffalo, NY 14240

RE:     Your Insured:        Facility Solutions Group, Inc
        Date of Loss:        7/29/2020
        Claim Number:        FKK1357
        Our Client(s):       Alyssa Alcantara

Dear Ms. Downey:

As you know we represent the above-referenced client. Clearly, liability rest with your insured's negligence in which our client has sustained serious injuries causing extreme pain and suffering. In addition, the overwhelming inconvenience that they have endured has disrupted their overall quality of life.

Thus, as a result of these injuries, medical bills and pain and suffering our client has incurred, _demand is hereby made in the amount of one hundred twenty-seven thousand ($127,000.00) within thirty (30) days from the date of this letter._

If you should have any questions, please do not hesitate to contact at the office. Your immediate attention to this matter would greatly be appreciated.

Best regards,

Shireen Hormozdi Bowman
Attorney at Law

SHB/vw

Encl: medicals

1770 INDIAN TRAIL LILBURN ROAD, SUITE 175
NORCROSS, GEORGIA 30093
TEL: 678-395-7795 FAX: 678-620-3589
WWW.NORCROSSLAWFIRM.COM